# SUPREME JUDICIAL COURT

FOR THE

## COUNTIES OF HAMPSHIRE, FRANKLIN AND HAMPDEN, SEPTEMBER TERM 1832, AT NORTHAMPTON.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

## Reuben Stone *versus* David Dennison.

If an infant of the age of fourteen years enters into an agreement to labor until he shall come of age, in consideration of being furnished with his board, clothing and education, and he is not overreached, and the agreement is not so unreasonable as to raise any suspicion of fraud, and it is sanctioned by his guardian, and is fully performed on both sides, he cannot maintain a *quantum meruit* for his services, merely by showing, that in the event which has happened, his services were worth more than the stipulated compensation.

The statute of frauds has no application to a contract which has been fully performed on both sides.

An infant may bind himself by an express contract for necessaries, if the form of the contract is such that the consideration may be inquired into.

Assumpsit for work and labor.

At the trial, before *Wilde* J., the plaintiff proved that he had been in the service of the defendant from October, 1818, to October, 1828, when he became twenty-one years of age; and he introduced evidence tending to show that his services

Stone v. Dennison.

were worth more than the support and education furnished him by the defendant. Evidence was offered by the defendant tending to show the contrary, and that the agreement was a reasonable one.

The defendant contended that he was not liable, because at the time when the plaintiff was fourteen years of age, his father being dead, George Eels was duly appointed his guardian, and it was agreed between the plaintiff, the defendant and the guardian, that the plaintiff should continue in the service of the defendant, until he should arrive at the age of twenty-one, for his board, clothing and education, and the defendant had performed the contract on his part.

The plaintiff objected to the admission of evidence to prove these allegations.

1. Because the supposed contract was void by the statute of frauds, it not being in writing.

2. Because, the plaintiff having no property and his mother being living at the time, the appointment of the guardian was void; or, at least, if valid, it gave the guardian no power to bind the plaintiff by the contract stated; and the plaintiff could not be bound by any assent given by himself to the agreement, during his infancy.

But the judge admitted the evidence, and instructed the jury, that if the plaintiff entered into this agreement as contended for by the defendant, and entered into the service of the defendant in pursuance of the same, and continued in it during all the time agreed upon, he could not waive the contract and go upon a *quantum meruit*, unless the contract was obtained by unfair means, and so was fraudulent on the part of the defendant; and that if the contract was so unreasonable as to show that the plaintiff was overreached, that would be evidence of fraud and would render the contract null and void.

The jury found a verdict for the defendant, and the plaintiff moved for a new trial. If the foregoing opinions and instructions were erroneous, a new trial was to be granted; otherwise judgment was to be rendered on the verdict.

*Sept. 26th, 1831.*

*Wells*, for the plaintiff, insisted that the special contract was not binding on the plaintiff, he being an infant at the time

when it was made; that an infant is entitled to a reasonable compensation for his labor, even though he contracted for a smaller compensation, and though the special contract has been performed. Bac. Abr. *Infancy*, *I*, cites Cases in Law and Eq. 185; *Williamson* v. *Watts*, 1 Campb. 552; *Swasey* v. *Vanderheyden*, 10 Johns. R. 33; *Hussey* v. *Jewett*, 9 Mass. R. 101; *Trueman* v. *Hurst*, 1 T. R. 40, 42, note; *Ingledew* v. *Douglas*, 2 Stark. R. 36; *Baker* v. *Lovett*, 6 Mass. R. 76; Co. Lit. 171 *b*.

The assent of the guardian could not give validity to the contract. The mother being then living, she was the guardian by nature and was entitled to the custody of the person and to the earnings of the infant, and was the only person who could contract for his services. As the infant had no property, there was no "occasion for a guardian," (*St.* 1783, *c.* 38,) and the appointment of one by the judge of probate was void. 2 Kent's Com. 181; Co. Lit. 84 *a*; Lit. § 123; Co. Lit. 87 *b*; *Nightingale* v. *Withington*, 15 Mass. R. 274; *Freto* v. *Brown*, 4 Mass. R. 675; *May* v. *Calder*, 2 Mass. R. 55; *Forster* v. *Fuller*, 6 Mass. R. 59; *Boyden* v. *Boyden*, 5 Mass. R. 427; *St.* 1794, *c.* 64, § 1.

The contract was void by the statute of frauds, and the performance of it did not take it out of the statute. *Boydell* v. *Drummond*, 11 East, 142; Chit. Contr. 208, 209; *Wilkinson* v. *Scott*, 17 Mass. R. 249; *Forster* v. *Hale*, 3 Ves 712, 713; *Parkhurst* v. *Van Cortlandt*, 14 Johns. R. 15; *Kidder* v. *Hunt*, 1 Pick. 331; Sugd. Vend. 84; *Davenport* v. *Mason*, 15 Mass. R. 85; *Jackson* v. *Pierce*, 2 Johns. R. 223, 224; *Reade* v. *Livingston*, 3 Johns. Ch. R. 483; *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 723.

*Bates* and *Dewey* for the defendant.

*Sept. 28th, 1832.*

SHAW C. J. delivered the opinion of the Court. Several points were left to the jury in the present case, which may be considered as settled by their verdict.

By the report it appears, that after the plaintiff arrived at the age of fourteen years, having then lived several years with the defendant, it was agreed between the plaintiff and his guardian on the one side, and the defendant on the other, at the plaintiff should continue in the service of the defendant

Stone v. Dennison.

until he should arrive at the age of twenty-one, for his board, clothing and education. By the finding of the jury, under the instructions given to them by the Court, it must be taken to have been settled, that the contract was not obtained by any unfair means, or fraudulent, on the part of the defendant, and that it was not unequal, so as to show that the plaintiff was overreached.

The case then is one of a minor over fourteen years of age, entering into an agreement with a person, for labor and service to be furnished on one side, and subsistence, clothing and education on the other, an agreement in which the minor was not overreached, which was not so unreasonable as to raise any suspicion of fraud, and which was assented to and sanctioned by the guardian of the minor. This agreement is fully executed on both sides; the labor and services are performed by the minor, and the stipulated compensation is furnished by his employer. And the question is, whether the plaintiff, notwithstanding such agreement, can maintain a *quantum meruit* for his services, merely by showing, that in the event which has happened, his services were worth more than the amount of the stipulated compensation; and we think he cannot.

The first point taken by the plaintiff is, that the evidence of the agreement ought not to have been admitted, because the agreement, not being to be performed within a year, and not being in writing, was void by the statute of frauds. *St.* 1788, *c.* 16, § 1.

But we think this objection is answered by the consideration, that here the contract has been completely performed on both sides. The defendant is not seeking to enforce this agreement as an executory contract, but simply to show that the plaintiff is not entitled to recover upon a *quantum meruit*, as upon an implied promise. But the statute does not make such a contract void. The provision is, that no action shall be brought, whereby to charge any person upon any agreement, which is not to be performed within the space of one year, unless the agreement shall be in writing. The statute prescribes the species of evidence necessary to enforce the execution of such a contract. But where the contract has

been in fact performed, the rights, duties and obligations of the parties resulting from such performance, stand unaffected by the statute.

In the case of *Boydell* v. *Drummond*, 11 East, 142, a case was put in the argument, of goods sold and delivered at a certain price, by parol, upon a credit of thirteen months. There, as a part of the contract was the payment of the price, which was not to be performed within the year, a question is made, whether by force of the statute the purchaser is exempted from the obligation of the agreement, as to the stipulated price, so as to leave it open to the jury to give the value of the goods only, as upon an implied contract. "In that case," said Lord *Ellenborough*, "the delivery of the goods, which is supposed to be made within the year, would be a complete execution of the contract on the one part; and the question of consideration only would be reserved to a future period."

If a performance upon one side would avoid the operation of the statute, *à fortiori* would the entire and complete performance on both sides, have that effect. Take the common case of a laborer, entering into a contract with his employer, towards the close of a year, for another year's service, upon certain stipulated terms. Should either party refuse to perform, the statute would prevent either party from bringing any action, whereby to charge the other, upon such contract. But it would be a very different question, were the contract fulfilled upon both sides, by the performance of the services on the one part, and the payment of money on account, from time to time, on the other, equal to the amount of the stipulated wages. In case of the rise of wages within the year, and the consequent increased value of the services, could the laborer bring a *quantum meruit* and recover more, or in case of the fall of labor and the diminished value of the services, could the employer bring money had and received and recover back part of the money advanced, on the ground, that by the statute of frauds the original contract could not have been enforced? Such, we think, is not the true construction of the statute. We are of opinion that it has no

Stone v. Dennison.

application to executed contracts, and that the evidence of this contract was rightly admitted.

We do not think it necessary, in the present case, to consider some of the points made in the argument, as to the cases in which the judge of probate has the power, under the statute, to appoint guardians to minors, and as to the authority of such guardians over the persons, property and rights of their wards, because we are all clearly of opinion, that the contract in question was one which the minor, with the consent of the guardian, was himself competent to make.

It is a well settled rule of law, that a minor, under the age of twenty-one years, cannot bind himself generally by his contracts, for want of legal capacity. But as an exception to this general rule, it is equally well settled, that a minor may bind himself by a contract for necessaries, if equal and reasonable, and also that he may make contracts which are beneficial to him. We think the present case brings the contract under the first of these exceptions.

A contract for subsistence, clothing and education, is a contract for necessaries, and is one therefore which the minor has capacity to make, and which, if reasonable and beneficial, will be supported by the law. Most of the cases, where it has been decided that a minor cannot be held on his express contract for necessaries, are those where the action is founded on the express obligation, and where, from the form of the action, the consideration cannot be inquired into. As an action on a bond with a penalty, which implies a consideration, and where an inquiry into the consideration is precluded by the forms of pleading and proof. So on an *insimul computassent*, where the action is founded upon the act of accounting and the admission of the balance, and no further inquiry into the consideration and terms of the contract can be gone into. These actions are founded on the assumption, that the party has full power to bind himself by any lawful contract, and they only open the question, whether he has so bound himself. But in the other forms of obligation and of action, and where it can always be open to inquiry, what the nature and terms of the contract were and whether the contract was reasonable and beneficial, a

minor may as well be bound by an express, as by an implied contract for necessaries. This is often beneficial to the minor, and enables him to avail himself of any stipulations in his favor. If such an express contract should be held to be wholly void, and the party furnishing the minor with necessaries should be remitted to his action on the implied contract, he would recover upon a *quantum vale bant* or *quantum meruit*, though above the stipulated prices. The rule as above qualified, that a minor shall only be bound by such a species of express contract, and in such a form of action, as leaves the nature, terms and consideration of the contract open to inquiry, and then only by such a contract as shall appear at the time to have been fair, reasonable and beneficial to the minor, affords a sufficient security to the rights of minors.

And it appears to the Court, taking into consideration the age of the minor when the contract was made, and the circumstances attending it, that it was reasonable and beneficial. It is to be considered, that the employer took upon himself the risk of the health, life and bodily and mental capacity of the plaintiff to labor. Had he been sick or otherwise incapable of performing any labor, the defendant was nevertheless, by the terms of his contract, bound to support him. These considerations may have rendered the contract equal and beneficial at the time, although in the event, which could not then be foreseen, the plaintiff's labor may have been of greater value than the subsistence and education which he obtained as an equivalent. The circumstance also, that the contract was made with the consent and approbation of the guardian, evinced by his becoming a party to it, goes strongly to show that the contract was entered into deliberately and with a just regard to the rights and security of the minor. And it would be injurious rather than beneficial to minors, to hold that a contract thus made is of no legal force and effect.

We think the instructions of the Court were correct, and there must be

*Judgment on the verdict.*