Brossard v. West Roxbury Division of the District Court Department.

CARLOS A. BROSSARD vs. WEST ROXBURY DIVISION OF THE
DISTRICT COURT DEPARTMENT & others.[1]

Suffolk. December 6, 1993. - March 1, 1994.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & GREANEY, JJ.

*Practice, Civil*, Appeal, Self-representation. *Supreme Judicial Court*, Superintendence of inferior courts. *Abuse Prevention*.

There was no error of law or abuse of discretion in a single justice's denial of a plaintiff's petition under G. L. c. 211, § 3, for relief from an abuse prevention order issued against him pursuant to G. L. c. 209A, which the plaintiff contended the complainant lacked standing to seek because he and the complainant allegedly were not involved in a "substantive dating relationship" within the meaning of G. L. c. 209A, § 1. [184-185]

There was nothing in the record before a single justice on a petition under G. L. c. 211, § 3, to support the plaintiff's contention that a protective order issued in the District Court against him had been vacated at the complainant's request pursuant to Mass. R. Civ. P. 41 (a) (1). [185-186]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on December 22, 1992.

The case was heard by *O'Connor*, J.

*Carlos A. Brossard*, pro se.

*Joseph P. Messina* for Sienora N. Haynes.

*William J. Duensing*, Assistant Attorney General, for the West Roxbury & Cambridge Divisions of the District Court Department, was present but did not argue.

LYNCH, J. This is an appeal from a decision of a single justice of this court denying the plaintiff's petition under G. L. c. 211, § 3 (1992 ed.), for relief from an abuse pre-

[1]Cambridge Division of the District Court Department and Sienora N. Haynes. The justices of the West Roxbury and Cambridge District Courts are nominal parties and have not filed briefs.

vention order sought by Sienora Haynes (complainant) and issued against him pursuant to G. L. c. 209A (1992 ed.).[2] In the District Court the plaintiff was ordered to refrain from abuse, not to contact the complainant, and to stay away from her home and place of employment.

The record appendix on appeal is a confusing mélange of copies of documents, uncertified for the most part, some from different courts but pertaining to the same parties. The record appendix as well as the notice of appeal both contain a myriad of unsupported factual allegations. The plaintiff has not complied with the Massachusetts Rules of Appellate Procedure, especially Mass. R. A. P. 8, as amended, 397 Mass. 1230 (1986), and Mass. R. A. P. 18, as amended, 409 Mass. 1602 (1991). The fact that the plaintiff represents himself does not excuse his noncompliance with procedural rules. See *McCormick* v. *Labor Relations Comm'n*, 412 Mass. 164, 170 n.11 (1992) (pro se litigants bound by same rules of procedure as litigants represented by counsel); *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985) (although some leniency is appropriate in determining whether pro se complaint meets requirements of Massachusetts Rules of Civil Procedure, rules bind pro se litigant as they bind other litigants).

Our review of a decision of a single justice denying relief under G. L. c. 211, § 3, is limited to whether there exists an abuse of discretion or a clear error of law by the single justice. See *Kyricopoulos* v. *Richardson*, 409 Mass. 1002 (1991); *Caggiano* v. *Commonwealth*, 406 Mass. 1004, 1005 (1990). Even if we construe the plaintiff's pleadings with the utmost liberality, the only issue that was arguably before the single justice was the contention that the plaintiff and the complainant were not involved in a "substantive dating relationship" within the meaning of G. L. c. 209A, § 1, and therefore, she lacked standing to seek a protective order under c. 209A. He apparently claims that, since the com-

---

[2]The plaintiff's pro se petition is confusing, prolix, and contains many unsupported factual allegations. The plaintiff did not supply the single justice with a transcript of the proceedings in the District Court.

plainant was living with another man during the time period that she was involved with him, a substantive dating relationship with him was not possible. This argument was negated, however, by documents supplied to the single justice by the plaintiff himself. In a separate action in which the plaintiff sought a protective order against the complainant, he refers to her as his "former girlfriend" and alleges that he saw her two to three times a week. His personal correspondence reveals an emotional relationship which entailed substantially more than a few casual dates. Moreover, in an affidavit apparently filed in the West Roxbury District Court but also furnished to the single justice, the plaintiff admitted to being sexually active with the complainant for a fourteen-month period. The fact that the relationship did not comport with the plaintiff's personal definition of a "committed" relationship is irrelevant. Furthermore, as the single justice pointed out, the statute does not preclude the possibility of a complainant's being in more than one "substantive dating relationship" at any one time. Accordingly, even if we look behind the plaintiff's procedural miscues, there was no error of law or abuse of discretion in the single justice's judgment denying the relief requested.

One further matter deserves some comment. The plaintiff argues that the protective order issued against him had been vacated at the complainant's request pursuant to Mass. R. Civ. P. 41 (a) (1), 365 Mass. 803 (1974).[3] He contends that several months after the protective order had issued, the complainant signed a notice of voluntary dismissal and wrote a letter to the District Court asking the court to dismiss the order. The record is insufficient to enable us to determine exactly what the District Court received and when. In any case, G. L. c. 209A, § 3, provides that the "court may modify its order at any subsequent time upon motion by either party." Accordingly, judicial action is appropriate to effect a

---

[3] Rule 41 (a) (1) of the Massachusetts Rules of Civil Procedure, 365 Mass. 803 (1974), provides in pertinent part: "[A]n action may be dismissed by the plaintiff without order of court . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

court order issued pursuant to G. L. c. 209A in these circumstances. The District Court did not act on the request for voluntary dismissal.

On the record before us it is unnecessary for us to comment on the constitutional arguments not properly raised below or dependent on factual allegations not supported by the record.

*Judgment affirmed.*