After a jury trial, the defendant was convicted of assault and battery on a family or household member, in violation of G. L. c. 265, § 13M(a ).[2] The sole issue raised on appeal is whether there was sufficient evidence presented at trial to establish that the defendant and the victim were in a "substantive dating relationship" at the time of the charged offense. We affirm.
The jury could have found the following facts. The defendant and victim were in a dating relationship from October, 2014, until March, 2015. During their relationship they would see one another about three or four times each week. On March 7, 2015-prior to the end of their relationship-the defendant and the victim had planned to visit the defendant's mother, but their plans were cancelled. They instead returned to the victim's home in Boxborough, where they each drank alcohol and continued an argument from earlier in the day. The victim eventually went upstairs to her bedroom to sleep, and the defendant followed shortly after. Upon entering the victim's bedroom, the defendant approached the right side of the bed where his cellular telephone (cell phone) charger was and plugged his cell phone in the charger. As they continued to argue, the defendant jumped on the bed, "straddled" the victim, pinned her to the bed, and yelled at her. After getting off the victim, the defendant threw her to the floor, lifted her by her neck, threw her back on the bed, and batted her arm away when she attempted to reach for her cell phone.
The defendant allowed the victim to leave the bedroom, at which point she ran for the front door, which the defendant then blocked. While grabbing her neck and placing his hand over her mouth, the defendant pushed the victim down the hallway to the kitchen, where he "proceeded to choke [her]." The defendant eventually released the victim, who was able to escape through the front door and flea to a neighbor's house in the early morning of March 8. The victim's neighbor testified that he had "seen [the defendant] around" the neighborhood, and when asked if the defendant lived with the victim, he replied, "I think so, yes." One of the police officers who responded to the incident testified that he was dispatched to a "domestic disturbance between a boyfriend and girlfriend."
The defendant's sole contention on appeal is that there was insufficient evidence presented to prove that he and the victim were in a substantive dating relationship at the time of the charged offense. We review a sufficiency of the evidence challenge to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting from Jackson v. Virginia, 443 U.S. 307, 319 (1979).
To support a conviction of assault and battery on a family or household member, the Commonwealth must establish that the defendant's relationship with the victim fits one of three definitions of "family or household member" pursuant to G. L. c. 265, § 13M. Where, as here, the relationship to be proved is that of a "substantive dating ... relationship," the following factors are to be considered: "the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; whether the relationship was terminated by either person; and the length of time elapsed since the termination of the relationship." G. L. c. 265, § 13M(c ), as appearing in St. 2014, c. 260, § 23.
The testimony presented at trial, when viewed in the light most favorable to the Commonwealth, was sufficient to support the jury's verdict. The sufficiency argument advanced by the defendant is comparable to that raised in Commonwealth v. Dustin, 476 Mass. 1003 (2016), where, in addressing the defendant's argument that the evidence was insufficient to establish a "substantive dating relationship," the Supreme Judicial Court concluded that the evidence heard by the jury was sufficient. Id. at 1006. Both the victim and the defendant testified that their relationship lasted several months and that it had developed into an exclusive "boyfriend-girlfriend" relationship. Ibid. There was evidence that the defendant cared for the victim when she had a medical issue, he drove her vehicle, they ran errands together, and he had given her a "friendship ring." Ibid. Similarly, in Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 184-185 (1994), a "substantive dating relationship" was found based on evidence that the plaintiff referred to the complainant as his "former girlfriend," they saw each other two to three times per week, the plaintiff's "personal correspondence reveal[ed] an emotional relationship which entailed substantially more than a few casual dates," and the plaintiff admitted to being sexually active with the complainant for a fourteen-week period.
In the present case, the victim testified to the substance of her relationship with the defendant. She stated that at the time of the incident he was her boy friend and that they had been dating for nearly six months, during which time they spent three to four days per week together. On the day of the incident, they had planned to visit the defendant's mother together and when those plans were cancelled, they remained together into the early morning of the next day. The victim's neighbor testified that he recognized the defendant from seeing him around the neighborhood and that he believed the defendant lived with the victim. The evidence presented at trial, when viewed in the light most favorable to the Commonwealth, was sufficient to support the jury's determination that the defendant and the victim were in a substantive dating relationship.
Judgment affirmed.

The defendant was acquitted of charges of strangulation and witness intimidation, and his motion for a required finding of not guilty was allowed as to his remaining charge of defacing property.