The defendant appeals from his convictions, after a District Court jury trial, of assault and battery on an elderly person, G. L. c. 265, § 13K(a½) (count 1); witness intimidation, G. L. c. 268, § 13B (count 2); assault and battery on a household member, G. L. c. 265, § 13M (count 3); and resisting arrest, G. L. c. 268, 32B (count 5).[2] We affirm in part and reverse in part.
1. Assault and battery on a household member. The defendant argues that the judge erred in denying the defendant's motion for a required finding of not guilty, at the close of the Commonwealth's case, on the charge of assault and battery on a household member. The defendant contends that the Commonwealth presented insufficient evidence that on the date of the defendant's assault and battery upon the victim, she was a "household member" for purposes of G. L. c. 265, § 13M. We disagree.
"In reviewing the denial of a required finding of not guilty, we review the evidence introduced up to the time the Commonwealth rested its case to determine whether the evidence, viewed in the light most favorable to the Commonwealth, was sufficient for a reasonable jury to infer the existence of each essential element of the crime charged, beyond a reasonable doubt." Commonwealth v. Rivera, 460 Mass. 139, 141 (2011). "Fact finders are not 'required to divorce themselves of common sense, but rather should apply to facts which they find proven such reasonable inferences as are justified in the light of their experience as to the natural inclinations of human beings.' " Commonwealth v. Russell, 46 Mass. App. Ct. 307, 309 (1999), quoting from Commonwealth v. Arias, 29 Mass. App. Ct. 613, 618 (1990).
Under G. L. c. 265, § 13M(c ), as appearing in St. 2014, c. 260, § 23, as relevant here, a " 'household member' shall mean persons who ... (iii) are or have been in a substantive dating or engagement relationship." The statute further provides:
"[T]he trier of fact shall determine whether a relationship is substantive by considering the following factors: the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; whether the relationship was terminated by either person; and the length of time elapsed since the termination of the relationship."
Ibid. The defendant argues that the Commonwealth failed to establish these "essential factors." However, the defendant overlooks that these factors "are not themselves elements of the offense. There does not need to be evidence as to each factor, let alone proof beyond a reasonable doubt as to any one or more of them." Commonwealth v. Dustin, 476 Mass. 1003, 1006 n.7 (2016). "It is enough that the evidence on these factors, taken as a whole, warrants a finding of a substantive dating relationship beyond a reasonable doubt." Ibid.
Here, the testimony of the Commonwealth's witness, Sherrie McWhinnie, taken as a whole, was sufficient to establish that the defendant and the victim were in a substantive dating relationship. First, McWhinnie testified that the defendant had introduced the victim to her as his "girlfriend." Compare Dustin, 476 Mass. at 1004, 1006 (sufficient evidence of substantive dating relationship where defendant and victim were in boy friend-girl friend relationship, although not living together). See Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 185 (1994) (that defendant referred to victim as "former girlfriend" tended to prove they were in substantive dating relationship). Second, McWhinnie testified that, for at least the week during which she and her son had shared a two-bedroom apartment with the defendant, the defendant and the victim shared the other bedroom. Third, McWhinnie's testimony provided evidence of a domestic financial relationship between the defendant and the victim; she testified that she had received a phone call from the defendant, who was at his residence, sounded "irate," and complained that the victim had "shut off her social security benefits card." McWhinnie heard the victim in the background, "yell[ing] into the phone, 'He broke my jaw. Call 9-1-1.' "[3]
Taken in the light most favorable to the Commonwealth, McWhinnie's testimony was sufficient to permit a jury to find, beyond a reasonable doubt, that the defendant was in a "substantive dating relationship" with the victim.[4]
2. Intimidation of a potential witness. The target of the alleged witness intimidation was McWhinnie, who the parties agree was, at the relevant time, at most a "potential witness." The defendant argues, and the Commonwealth concedes, that the evidence was insufficient to convict the defendant of this charge. The Commonwealth contends, however, that, under the recent decision in Commonwealth v. Muckle, 478 Mass. 1001 (2017), which postdated the trial in this case, the District Court had no jurisdiction in the first place over a charge of intimidating a potential (as opposed to an actual) witness, so that we should order the complaint dismissed for lack of jurisdiction. We disagree.
The court in Muckle was called upon to construe the language of a District Court jurisdictional statute, G. L. c. 218, § 26, which had been amended in 1996 to include the phrase "intimidation of a witness or juror under [ G. L. c. 268, § 13B ]." 478 Mass. at 1002. The court held that "[t]he plain language of G. L. c. 218, § 26, ... confers jurisdiction in the ... District Court over intimidation of a witness or juror, but not over intimidation of any other person." Id. at 1003. See G. L. c. 268, § 13B(1)(c )(i), (iii). Accordingly, the District Court lacked jurisdiction over a charge of intimidating "a person furthering a court proceeding," a separate category of persons protected by G. L. c. 268, § 13B, and at issue in Muckle. Id. at 1001. See G. L. c. 268, § 13B(1)(c )(iv). Similarly, the Commonwealth suggests here, District Court jurisdiction does not extend to the crime of intimidating "a potential witness" under G. L. c. 268, § 13B(1)(c )(i).[5]
The flaw in the Commonwealth's argument is that, even before the jurisdictional statute was amended in 1996 to give the District Court jurisdiction over the crime of intimidating a "witness," see Muckle, 478 Mass. at 1002, the word "witness" in G. L. c. 268, § 13B, had been interpreted as applying to "potential witnesses." See Commonwealth v. Burt, 40 Mass. App. Ct. 275, 278 (1996) ("There was no error in the instruction that the word 'witness' included 'potential witness' ").[6] Thus the 1996 amendment effectively gave the District Court jurisdiction over the crime of intimidating a potential, as well as an actual, witness. We hardly think the Legislature's 2006 codification of the interpretation in Burt, see note 4, supra, somehow deprived the District Court of such jurisdiction, nor do we see anything in Muckle as precluding the recognition of such jurisdiction. Accordingly, here, rather than ordering a dismissal on jurisdictional grounds, we reverse the defendant's conviction on sufficiency grounds.
3. Jury instructions. For the first time on appeal, the defendant argues that the judge erred by (a) providing the jury with a written summary of the elements of each charge that did not include the elements of self-defense on the charge of resisting arrest, and (b) failing to provide the jury with a complete audio recording of his jury instructions. We review to determine whether any error created a substantial risk of a miscarriage of justice. Commonwealth v. Randolph, 438 Mass. 290, 297-298 (2002).
a. The judge did not err in omitting, from the written summary of the elements furnished to the jury, the elements of self-defense on the charge of resisting arrest. We are constrained by the Supreme Judicial Court's ruling that, where a judge furnishes a jury with a written summary of the crimes' elements, "[t]here is no requirement that a judge provide an outline of the defendant's defenses." Commonwealth v. Guy, 441 Mass. 96, 109 (2004).[7] The defendant does not dispute that the judge properly instructed the jury on each element the Commonwealth was required to prove on the resisting arrest charge, including its burden to "prove beyond a reasonable doubt that the defendant did not act in self-defense." There was no error.
b. Nor did the judge err when, without agreement of the parties,[8] he provided the jury with the written summary of the elements unaccompanied by an audio recording of the entire jury instructions. "Whatever we may have said before, it is now time to recognize that reasonable steps to assist a jury in performing their function should be encouraged," and this includes "provid[ing] a jury with an accurate statement of the elements of each crime charged." Commonwealth v. DiBenedetto, 427 Mass. 414, 422 (1998). The judge may do so "in a summary form, in writing, without the parties' consent." Guy, 441 Mass. at 108. Neither DiBenedetto nor Guy requires that such a summary be accompanied by a full recording (or verbatim written copy) of the judge's oral instructions.[9]
Conclusion. The judgments as to counts 1, 3, and 5 are affirmed. As to count 2 (witness intimidation), the judgment is reversed, the verdict is set aside, and judgment shall enter for the defendant.
So ordered.
Affirmed in part; reversed in part.

The defendant was found not guilty of assault and battery on a police officer, G. L. c. 265, § 13D. The defendant makes no argument on appeal regarding the conviction of assault and battery on an elderly person.

We reject the defendant's argument that his facts differ meaningfully from Dustin, 476 Mass. at 1006, and Brossard, 417 Mass. at 185, on the basis that here, the victim did not testify in the Commonwealth's case-in-chief as to a "boy friend-girl friend relationship." Neither Dustin nor Brossard states that testimony from the victim is necessary in order to prove a substantive dating relationship.

She provided evidence of the type of relationship between the defendant and the victim, and some evidence concerning its length, and the frequency of interaction between the parties. See G. L. c. 265, § 13M(c ). No one element is dispositive. See Dustin, 476 Mass. at 1006 n.7.

As relevant here, the statute now prohibits intimidation of "a witness or potential witness at any stage of a criminal investigation, grand jury proceeding, trial or other criminal proceeding of any type" (emphasis added). G. L. c. 268, § 13B(1)(c )(i), inserted by St. 2006, c. 48, § 3.

Burt was decided on April 5, 1996, see 40 Mass. App. Ct. at 275, which was before the jurisdictional statute was amended by St. 1996, c. 393, approved on September 26, 1996. That same 1996 act also made three separate amendments to the witness intimidation statute. See St. 1996, c. 393, §§ 2-4. Had the Legislature disagreed with Burt, it could easily have added to St. 1996, c. 393, a further amendment to the witness intimidation statute to negate the effect of Burt. It did not do so.

In Guy, unlike here, the jury also had an audiotape of the complete instructions, but the court cited that as an "addition[al]" circumstance, rather than one necessary to its ruling. See Guy, 441 Mass. at 109.

Although the judge did not request the parties' approval to distribute the summary sheet to the jurors, he did notify counsel that he intended to give the summary to the jury, and stated that he would provide them with an advance copy.

In light of DiBenedetto's prefatory language ("[w]hatever we may have said before"), the defendant errs in relying on two decisions predating DiBenedetto that caution against giving incomplete copies of instructions (whether recorded or written) to the jury. See Commonwealth v. Lavalley, 410 Mass. 641, 652 n.15 (1991) ; Commonwealth v. Baseler, 419 Mass. 500, 505-506 (1995).