The wife, Akiko Nishiyama, appeals from a judgment of divorce nisi and a judgment declining to find the husband, Ranbir Dhillon, in contempt. We affirm.
Background. The judge found the following facts. In November, 2013, the wife filed for divorce. The husband responded with a counterclaim for divorce in January, 2014. Before either party had filed for divorce, the husband had filed a complaint for custody, seeking custody of the parties' three children and an emergency order prohibiting the wife from removing the children to her native Japan. In April, 2014, the judge issued temporary orders providing that the husband pay, among other things, the costs of school and daycare for their children, insurance and registration for the wife's car, and $750 per week to the wife for child support. Between September, 2014, and July, 2015, the wife filed four complaints for contempt alleging that the husband failed to make "various payments." These complaints were consolidated with the divorce complaints and the husband's custody complaint, and a trial was held on days in October, 2015, and January, 2016.
At trial, a court-appointed guardian ad litem (GAL) testified and was cross-examined by the wife, and the GAL's report was admitted in evidence over the wife's objection. After trial, a judgment of divorce nisi entered on March 23, 2016. That same day, the judge, after reviewing evidence submitted by the wife, determined that the husband did not wilfully fail to make payments to the wife, and thus a judgment entered finding him not in contempt.[2]
Discussion. On appeal, the wife primarily contests a number of the judge's findings of fact.[3] A judge's factual findings will "not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Mass.R.Dom.Rel.P. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Barboza v. McLeod, 447 Mass. 468, 469 (2006), quoting from Marlow v. New Bedford, 369 Mass. 501, 508 (1976).
We note at the outset that the wife has failed to provide this panel with the trial transcripts and all but a very few trial exhibits, thus leaving us with a wholly inadequate record on which to review her claims. See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992). Moreover, the wife's allegations lack supporting citation to the record or to legal authority. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011), citing Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). While we recognize that the wife is self-represented, she is nonetheless required to comply with the Massachusetts Rules of Appellate Procedure. See Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 184 (1994).
Furthermore, on the record presented to us, we see nothing to indicate that the judge's findings were clearly erroneous; even assuming the wife has correctly identified some minor inaccuracies, she has not shown how they were material or prejudicial. The judge heard testimony from seven witnesses and reviewed fifty-two exhibits when making her extensive findings of fact. Moreover, she made findings as to all of the statutory factors set forth in G. L. c. 208, § 34, which she considered when crafting the division of property and determining alimony. See Adams v. Adams, 459 Mass. 361, 371 (2011). The wife appears to argue that the judge erred in crediting the husband's testimony and rejecting hers.[4] However, when faced with conflicting testimony, it was within the judge's discretion to assess the witnesses' credibility and to make her determinations of fact accordingly. See R.D. v. A.H., 454 Mass. 706, 718-719 (2009).
The wife also contends that the trial judge erred in admitting the GAL report, asserting that because the GAL failed to identify all of the sources of her information and to list interview dates, the report "violates due process of law." The wife further claims that the report contains factual errors. Though our review has been hampered by the wife's failure to include the GAL report in the record appendix, we discern no error or abuse of discretion in the judge's careful consideration of and reliance on portions of the report. The judge specially noted that she was "able to distinguish the source of the information in most cases" and that she did not consider any of the "hypotheses and recommendations" inappropriately contained in the report. Moreover, at trial, as the judge noted, the wife was able to cross-examine the GAL about any perceived errors contained in the report. Consequently, the judge did not err in considering this report as evidence. See Adoption of Georgia, 433 Mass. 62, 69 (2000) ("All that is required is that the guardian ad litem be available to testify at trial and that the source of the material be sufficiently identified so that the affected party has an opportunity to rebut any adverse or erroneous material contained therein").
Conclusion. The wife's challenges to the judgment of divorce nisi and the judgment declining to find the husband in contempt (but nevertheless ordering him to make significant payments to or for the benefit of the wife and the children) are all dependent on her assertions that certain factual findings were clearly erroneous. Having rejected those assertions, we see no error of law or abuse of discretion in either judgment.
Judgment of divorce nisi affirmed.
Contempt judgment entered March 23, 2016, affirmed.

Notwithstanding this finding, the judge ordered the husband to pay the wife "all of the itemized educational expenses, and medical/dental expenses" for the wife and the children within thirty days, as well as certain "home maintenance/operation expenses" once the wife provided the underlying documentation for them. The judge also ordered the husband to contact the children's school "to request that all billing by the school be directed to him."

The wife challenges more than twenty of the judge's factual findings, including her finding that the husband did not wilfully fail to pay the wife the monies due to her under the temporary orders. Some other findings that the wife disputes concern (1) the length of the marriage and the number of years she was out of work; (2) the husband's annual income; (3) the extent of the husband's infidelity; (4) whether she was sometimes the "physical aggressor" during altercations between her and the husband; (5) whether she had outstanding loans from her parents; and (6) whether the husband is fit to parent. With respect to the length of the marriage, we note that, contrary to the wife's contention, the judge properly calculated the length to be 105 months, in accordance with G. L. c. 208, § 48 (length calculated from date of marriage to date of service of complaint for divorce).

The wife repeatedly takes issue with the judge accepting the husband's testimony as "truth."