NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-162

CHICOPEE HOUSING AUTHORITY

vs.

MICHAEL S. BOUTIN (and a consolidated case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Chicopee Housing Authority (landlord) filed a summary process action seeking to evict the defendant (tenant) for alleged violations of the terms of his lease. After a bench trial, a Housing Court judge found that the landlord met its burden of proving that the tenant substantially breached his lease by interfering with another resident's right to quiet enjoyment of his home. The judge twice deferred entry of judgment, however, to allow the tenant to preserve his tenancy by accepting a transfer to another unit. When the tenant refused to accept the transfer, judgment for possession entered for the landlord.

---

[1] The consolidated case involves the same parties.

The judge then held a second bench trial on the tenant's counterclaims for interference with quiet enjoyment and breach of the implied warranty of habitability, which had been severed from the summary process action. See Spence v. O'Brien, 15 Mass. App. Ct. 489, 499 (1983) (G. L. c. 239, § 8A, which authorizes conditions-based counterclaims or defenses in summary process actions, does not apply where landlord's claim for possession is premised on tenant's fault). The judge found that the evidence adduced at trial did not support any of the tenant's counterclaims, and judgment for the landlord entered accordingly.

The tenant filed timely notices of appeal from both judgments. The appeals were consolidated in this court and are now before us.

The tenant's briefs, which we have reviewed carefully, do not contain a concise statement of the issues, a statement of the applicable standard of review, or any citation to the record or legal authority, as required by the rules of appellate procedure. See Mass. R.A.P. 16 (a), as appearing in 481 Mass. 1628 (2019). While we acknowledge and accept the tenant's representation that he did his best, "[t]he fact that the [tenant] represents himself does not excuse his noncompliance with procedural rules." Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994). Even with

2

considerable leniency, we cannot discern from the tenant's briefs precisely what issues he is raising on appeal and are thus unable to engage in meaningful appellate review.

Nonetheless, given the tenant's pro se status, we have independently reviewed the judge's decisions and, after doing so, see no basis on which to disturb either of them. On review of a judgment after a bench trial, "we accept [the judge's] findings of fact as true unless they are clearly erroneous, and we give due regard to the judge's assessment of the witnesses' credibility." Andover Hous. Auth. v. Shkolnik, 443 Mass. 300, 306 (2005). Both of the judge's decisions here were based on his weighing of the evidence and his assessment of witness credibility, to which we must defer. See Saipe v. Sullivan & Co., Inc., 487 Mass. 1001, 1004 (2021). None of the judge's findings have been shown to be clearly erroneous.

We have also considered the tenant's allegations, all unsupported by citation to the record, that the judge was biased. To the extent the tenant's claim is based on the judge's rulings, adverse rulings alone are insufficient to establish judicial bias except "'in the rarest circumstances' where they 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible,'" which is far from the case here. Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 83 (2017), quoting Liteky v. United States, 510 U.S. 540,

3

555 (1994). To the extent the tenant is claiming bias arising from an extrajudicial source, there is no evidence in the record to support such a claim.

In sum, the tenant has failed to show that he is entitled to relief from either of the judgments, which are therefore affirmed.

<u>Judgment dated December 6, 2021, affirmed</u>.

<u>Judgment dated June 16, 2022, affirmed</u>.

By the Court (Vuono, Shin & Toone, JJ.[2]),

Assistant Clerk

Entered: April 25, 2024.

---

[2] The panelists are listed in order of seniority.

4