NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-61

H.I.

vs.

A.B.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, pro se, appeals from the extension of a G. L. c. 258E harassment prevention order obtained by his mother-in-law. On appeal, the defendant maintains that he is one of the plaintiff's landlords and that his requests for rental payments do not constitute harassment. We affirm.

The pro se plaintiff's arguments are presented inadequately for appellate review. While we are not insensitive to the challenges of proceeding pro se and the defendant submitted an "informal brief" that excuses some formalities, pro se litigants are bound by the same rules and requirements as represented parties and are responsible for presenting the materials necessary to permit meaningful appellate review. See Mass. R.

A. P. 18, as appearing in 481 Mass. 1637 (2019). See also Brossard v. West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994). The plaintiff's one-sentence argument lacked support of any case law or reference to (or identification of) the standard of review. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"). See also Gaffney v. Contributory Retirement Appeal Bd., 423 Mass. 1, 6 n.4 (1996) (conclusory statements in brief do not rise to level of appellate argument); Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993). He also failed to provide us with citations to the record and with an appendix containing pertinent portions of the record, particularly the hearing transcript. See Mass. R. A. P. 18(a). See also Everett v. 357 Corp., 453 Mass. 585, 604 n.26 (2009) ("It is [appellant's] obligation to include in the record appendix any document on which he relies"); Arch Med. Assocs., Inc. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992) ("The burden is on the appellant in the first

instance to furnish a record that supports his claims on appeal").

Order dated January 5, 2024, affirmed.

By the Court (Sacks, Shin & Hershfang, JJ.[1]),

Clerk

Entered:  December 2, 2024.

---

[1] The panelists are listed in order of seniority.