NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-994

DORIS OVALLE

vs.

BARRY BILLCLIFF & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Barry Billcliff, appeals from a Superior

Court judgment on a jury verdict finding him negligent and

awarding damages against him for his role in the faulty repair

work done on the condominium building where the plaintiff, Doris

Ovalle, lived.  On appeal, Billcliff argues that the judge

(1) demonstrated bias by making unwarranted attacks on and

interrupting him, which prejudiced the jury against him;

(2) denied him due process by failing to advise him of the

implications of requesting a mistrial; (3) unfairly limited his

time to present his defense; and (4) gave improper jury

_____

[1] Tina Kalian.  The claims against Kalian were dismissed by stipulation, and she is not involved in this appeal.

instructions.  Billcliff argues that the cumulative effect of these errors rendered the trial fundamentally unfair.  We affirm.

Discussion.  Billcliff has not provided this panel with the complete trial transcript, any trial exhibits, or the complaint or his answer, thus leaving us with a wholly inadequate record on which to review his claims.  See Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991), S.C., 411 Mass. 807 (1992).  It "is a fundamental and long-standing rule of appellate civil practice" that the appellant has an obligation "to include in the appendix those parts of the [record that] are essential for review of the issues raised on appeal."  Id.  Moreover, Billcliff's arguments on appeal lack supporting citations to the record and to sufficient legal authority.  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011).  While we recognize that Billcliff is self-represented, he is nonetheless required to comply with the Massachusetts Rules of Appellate Procedure.[2]  See Brossard v.

---

[2] Although Billcliff filed his brief and record appendix under this court's informal brief pilot program, that program required him to file "a record appendix containing copies of all documents filed in or issued by the lower court or agency that are relevant to the issues raised in the appeal. . . .  In civil cases, the appellant is also responsible for including any relevant transcripts. . . .  The Appeals Court does not have to consider arguments that rely on materials the parties did not include in a record appendix or transcript(s)."  Appeals Court

West Roxbury Div. of the Dist. Court Dep't, 417 Mass. 183, 184 (1994). Billcliff's record appendix includes only the trial transcript from the first day of trial (which includes only jury empanelment, opening statements, and a portion of the plaintiff's testimony on direct examination); draft jury instructions; a blank verdict form; and his notice of appeal. We proceed to review Billcliff's claims based on the limited record before us.

1. Prejudice from interruptions. Billcliff claims generally that the judge "made unwarranted remarks and interruptions that prejudiced the jury." But he points to no specific portion of the transcript where the judge "demonstrated bias" by improperly interrupting or admonishing him. We see no such remarks or interruptions in the portion of the transcript provided by Billcliff. Additionally, it is within a judge's discretion to take a proactive role in evidentiary matters. See Commonwealth v. Jackson, 419 Mass. 716, 722 (1995) (defendant not prejudiced by judge's interruptions where judge correctly excluded or curtailed repetitive, argumentative and improperly phrased questions). "The judge's function at any trial is to be 'the directing and controlling mind at the trial, and not a mere functionary to preserve order and lend ceremonial dignity to the

Informal Brief Pilot Program, https://www.mass.gov/info-details/appeals-court-informal-brief-pilot-program.

3

proceedings.'" Commonwealth v. Sapoznik, 28 Mass. App. Ct. 236, 241 n.4 (1990), quoting Commonwealth v. Wilson, 381 Mass. 90, 118 (1980).

2. Right to request mistrial. Billcliff argues that the judge, in informing him of his right to request a mistrial, violated his due process rights by not advising him of the implications of his decision. Because Billcliff has not provided the transcript of the day of trial where any discussion of a mistrial occurred, we are unable to review any statements the judge may have made concerning Billcliff's right to a mistrial. We note the general rule that a pro se litigant is bound by the same rules of procedure as a litigant with counsel. See Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). A judge may provide procedural information and guidelines but "cannot help self-represented litigants with the choices that they must make and the substance of their claims, defenses, and/or strategies." Judicial Guidelines for Civil Cases with Self-Represented Litigants § 5.8 (2025). Billcliff has not cited anything in the record to suggest that the judge did not give him appropriate information within these guidelines.

3. Limitation of defense case. Billcliff next asserts that the judge "repeatedly interrupted and admonished [him] to 'get to the point' or 'move on,' which unfairly limited the presentation of critical evidence and arguments," while allowing

4

the plaintiff "to present her case with fewer restrictions." Again, however, Billcliff cites nothing in the record supporting this assertion. Our review of the partial transcript before us discloses no instances of the judge's directing Billcliff to "get to the point" or "move on." The judge did state, on page 347 of the transcript, that "[w]e need to move things along as best we can," but this remark was directed to both parties and was entirely appropriate. See Sapoznik, 28 Mass. App. Ct. at 241 n.4 (judge to be directing and controlling mind at trial).

4. Jury instructions. Finally, Billcliff contends that the judge erred by providing improperly vague jury instructions regarding the duty of care. "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal." Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997). Because Billcliff has not included the relevant portions of the transcript, we are unable to determine whether Billcliff objected to the jury instructions below. Thus, we do not have a sufficient record to determine whether his claim is preserved on appeal. Moreover, Billcliff has provided us only with the draft jury instructions, in which we see no error, not the judge's instructions as given to the jury. It is Billcliff's burden, as the appellant, to include the documents that are essential for review of the issues raised on appeal. See Zagami, 30 Mass.

5

App. Ct. at 372-373.  As he has not done so, we have no basis on which to disturb the judgment, because of the jury instructions or otherwise.

Judgment affirmed.

By the Court (Sacks,
   Hershfang & Tan, JJ.[3]),

Clerk

Entered: April 18, 2025.

---

[3] The panelists are listed in order of seniority.